# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| DWIGHT PURK, et al.,           : | |
| Plaintiffs,           : | Case No. 3:03CV287 |
| vs.           : | District Judge Thomas M. Rose |
| | Magistrate Judge Sharon L. Ovington |
| UNITED STATES OF           : | |
| AMERICA, et al., | |
|           : | |
| Defendants. | |
|           : | |

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon Plaintiffs' Objections (Doc. #s 49, 50, 51) to an Entry and Order filed on August 30, 2005 (Doc. #48), and on Plaintiff Dwight Purk's Motion for Show Cause Order (Doc. #52).

Plaintiff Dwight Purk objects to the Entry and Order – which dismissed Plaintiffs' claims with prejudice and terminated this case – by alleging that he never received, and the Clerk of Court never showed him, a copy of Untied States District Judge Carl B. Rubin's Order. Judge Rubin's Order, among other things, prohibited Dwight Purk from filing a pleading unless he has satisfied any outstanding monetary assessment imposed on him by the Courts. (Doc. # 49, Exhibit 1). However, these allegations do not alter the substance or effect of Judge Rubin's Order in this case. Because of this, and for the reasons stated in the Report and

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Recommendations filed on February 4, 2005, Dwight Purk's Objections to the Entry and Order should be overruled.

Plaintiff Dwight Purk's Motion for Show Cause Order seeks an Order requiring attorney Alejandro L. Bertoldo to explain "why he will not release tax liens for 1989-1991." (Doc. #52 at 1). The Motion lacks merit because the Entry and Order of August 30, 2005 properly dismissed Dwight Purk's claims and because his present Motion and Objections fail to demonstrate any error in the dismissal.

Plaintiff Felicidad Purk objects to the Entry and Order essentially on the ground that she was not subject to Judge Rubin's Order. *See* Doc. #50. This objection is well taken. Judge Rubin's Order only applies to Dwight Purk; none of its limitations apply to Felicidad Purk. *See* Doc. #49, Exh. 1. Consequently, Felicidad Purk's Objections should be granted.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff Dwight Purk's Objections (Doc. #s 49, 51) be OVERRULED;

2. Plaintiff's Dwight Purk's Motion for Show Cause Order (Doc. #52) be DENIED;

3. Plaintiff Dwight Purk's claims remain DISMISSED with prejudice;

4. Plaintiff Felicidad Purk's Objections (Doc. #50) be GRANTED; and

5. The case be REOPENED for the limited purpose of further consideration of only Plaintiff Felicidad Purk's claims.

October 5, 2005

             s/ Sharon L. Ovington
              Sharon L. Ovington
             United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).