# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DWIGHT PURK, et al.,

      Plaintiffs,       :      Case No. 3:03-cv-287

                                      District Judge Thomas M. Rose
      -vs-                            Chief Magistrate Judge Michael R. Merz

                                :

UNITED STATES OF AMERICA, et al.,

      Defendants.

## REPORT AND RECOMMENDATIONS

This action was transferred to the undersigned by Magistrate Judge Ovington and is presently pending on Defendants' Motion to Dismiss (Doc. No. 69) which Intervening Plaintiff Felicidad Purk has opposed (Doc. No. 71).

The Defendant seeks dismissal on grounds of sovereign immunity and because the intervener's complaint fails to state a claim upon which relief can be granted, now that the claims of her husband, Dwight Purk, have been dismissed.

Without question, the United States, as the sovereign, may not be sued without its consent,. *United States Department of Energy v. Ohio*, 503 U.S. 607, 615 (1992); *United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586-587 (1941); *United States v. Shaw*, 309 U.S. 495, 500-501 (1940). Failure of the United States to consent deprives federal courts of subject matter jurisdiction over cases brought against the United States and its agencies such as the Internal Revenue Service. *Smith v. United States*, 507 U.S. 197 (1993).

Because federal courts are courts of limited jurisdiction, when their jurisdiction is challenged, the burden of establishing jurisdiction lies with the party asserting it. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83, 56 S. Ct. 780, 80 L. Ed. 1135 (1935). In its Memorandum in Support of its Motion to Dismiss, the United States has cited the relevant law on sovereign immunity, which is well established, but Felicidad Purk's response provides no contravening authority whatsoever. The Court must therefore determine whether the United States has consented to this lawsuit or lawsuits of this type. If not, the case must be dismissed.

It appears Ms. Purk was granted leave to intervene to assert any interest she might have in her husband's claim that the United States, through the Internal Revenue Service, wrongfully levied on funds on deposit by the Hartzell Propeller, Inc., Profit Sharing Plan Trust in 1991. As pointed out in the Motion to Dismiss, however, the statute of limitations for any claim of wrongful levy is nine months from the date of the levy and Ms. Purk's intervention in this action came more than ten years after that. If the intervener's action is considered as a claim for wrongful levy, it is barred by the statute of limitations and thus beyond this Court's subject matter jurisdiction.

Alternatively, Ms. Purk's claim might be construed as one for refund. However, as noted in the Motion to Dismiss, 26 U.S.C. §7422(a) expressly prohibits any such action until a claim for refund or credit has been made. Ms. Purk does not assert she has made any such claim. Again, this Court's subject matter jurisdiction is limited by the terms of the Government's consent to suit, which has a claim for refund as a necessary precondition, not satisfied here. If the intervener's claim is construed as a suit for refund, it is also beyond the Court's subject matter jurisdiction.

Finally, as the Government notes, Ms. Purk was granted leave to intervene to assert any right she might have in any recovery her husband might make. However, the Court has already determined to dismiss all of Mr. Purk's claims with prejudice.

In sum, Felicidad Purk has not established this Court has subject matter jurisdiction over any

claim she may be making in this action. The Government's Motion to Dismiss should therefore be granted. Because Ms. Purk cannot remedy the deficiencies in her pleadings because of the passage of time, the dismissal should be with prejudice.

May 5, 2006.

s/ Michael R. Merz<br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Purk v. USA 01.wpd